UNITED STATES DISTRICT COURT
SOUTHERN DISTIRCT OF FLORIDA
WEST PALM BEACH DIVISION

DAWN ZEHNER,

    Plaintiff,

v.

                                                  CASE NO.:

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

**COMPLAINT**

COMES NOW, Plaintiff, Dawn Zehner, by and through the undersigned counsel, and sues Defendant, OCWEN LOAN SERVICING, LLC, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

**INTRODUCTION**

1. The TCPA was enacted to prevent companies like OCWEN LOAN SERVICING, LLC (hereafter "Defendant") from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the

1

telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991).  Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC.  There are thousands of complaints to the FCC every month on both telemarketing and robocalls.  The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8. Defendant's principal place of business is in Palm Beach County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(1), as it is the judicial district in the State where the Defendant resides.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of New Jersey, residing in Bergen County, New Jersey.

10. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11. Defendant is a corporation which was formed in Delaware with its principal place of business located at 1661 Worthington Road, Unit 100, West Palm Beach, Florida 33409, and which conducts business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida, 32301.

12. Defendant called Plaintiff approximately three hundred (300) times in an attempt to collect a debt belonging to a third party, Kathleen Zehner.

13. Upon information and belief, some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an

autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line, which is a common indicator of the use of an autodialer. Further, Plaintiff received prerecorded messages from Defendant.

14. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number 267-***-0070 and was the called party and recipient of Defendant's calls.

15. Defendant placed an exorbitant amount of automated calls to Plaintiff's cellular telephone number 267-***-0070 in an attempt to collect a debt belonging to Kathleen Zehner.

16. Plaintiff is the daughter of Kathleen Zehner. In or around April of 2016, Kathleen Zehner was ill and asked Plaintiff to call Defendant to make a payment on her behalf. At that time, Plaintiff has good reason to believe that Defendant captured Plaintiff's cellular telephone number 267-***-0070 and began placing automated calls to that number.

17. Plaintiff does not currently have any account or business dealings with Defendant. Plaintiff explained this to Defendant on many occasions and requested that the calls stop.

18. Plaintiff went on to advise Defendant that Kathleen Zehner passed away; however, Defendant continued calling Plaintiff up to three (3) times per day asking to speak to Kathleen Zehner.

19. Despite all of Plaintiff's efforts to stop the calls, Defendant called Plaintiff approximately three-hundred (300) times without ever having Plaintiff's consent to

receive automated calls, including predictive dialer/ATDS calls, or pre-recorded message calls.

20. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

21. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

22. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

23. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

24. Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

25. Defendant has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

26. Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant's call list.

27. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

28. Not one of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

29. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

30. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

31. From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant's call.

32. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

33. Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the

Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

34. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

35. Each and every call placed without express consent by Defendant to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

36. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

37. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by nervousness, emotional distress, sadness, anger, worry, and frustration.

## COUNT I
### (Violation of the TCPA)

38. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

39. Defendant willfully and knowingly violated the TCPA with respect to Plaintiff for each of the automated calls made to Plaintiff's cellular telephone as

Defendant never had consent to call Plaintiff using an automatic telephone dialing system, predictive dialer, pre-recorded message, or artificial voice.

40. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Ocwen Loan Servicing, LLC, for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/  Shaughn C. Hill
Shaughn C. Hill, Esquire
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
shill@forthepeople.com
slauredan@forthepeople.com
Florida Bar #:  105998
Attorney for Plaintiff